```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
MICHAEL C. GARRETT,                   :    15 Civ. 0723 (PAC) (JCF)
                                      :
               Plaintiff,             :       MEMORANDUM
                                      :       AND  ORDER
     - against -                      :
                                      :
WARDEN K. ASK-CARLSON, JOHN            :
DOE #1, General Counsel, JOHN          :
DOE #2, Administrative Coordinator :
Central Office, JOHN DOE #3,           :
Administrative Coordinator             :
Northeast Regional Office, D.H.D.      :
JOHN M. BANKS, T. RODRIGUEZ,           :
S.I.S. Investigative Tech., and        :
REGIONAL DIRECTOR JOHN L. NORWOOD,     :
                                      :
               Defendants.             :
- - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

Plaintiff Michael C. Garrett alleges that his constitutional rights were violated during a disciplinary proceeding at a federal correctional facility -- the Metropolitan Detention Center in Brooklyn -- when officials falsely reported that he had confessed to using marijuana and refused to allow him to call a witness in his defense.  (Complaint at 4).[1]  As a result of that disciplinary proceeding, Mr. Garrett (1) lost forty-one days of good time credit and (2) lost commissary and visitation privileges for more than a year.  (Discipline Hearing Officer Report, attached as Exh. A to Complaint, at 10-11).  Mr. Garrett wants the good time credit and the privileges restored, as well as $250,000 in damages.  (Complaint at 7).  The defendants have filed a motion to dismiss,

---

[1] Citations of the complaint use the page numbers assigned by the court's Case Management/Electronic Case Filing system.

1

but, as I explain below, Mr. Garrett must make some choices about how he wants to proceed before the Court can address his claims.

In Preiser v. Rodriguez, the Supreme Court held that some claims -- those that object to the fact of imprisonment (such as by challenging a criminal conviction), or the duration of that imprisonment (such as by challenging a criminal sentence) -- must be raised through a petition for a writ of habeas corpus. Other claims -- those that object to the conditions under which a prisoner is confined -- should normally be brought in a conventional civil rights action. 411 U.S. 475, 499-500 (1973). Such an action is known as a Bivens action if it is brought against federal government agents. Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). Later, in Heck v. Humphrey, the Supreme Court said that for a plaintiff to maintain an action for money damages charging that a violation of his civil rights resulted in a criminal conviction, the plaintiff must show that the underlying conviction was previously overturned, expunged, or otherwise sufficiently undermined. 512 U.S. 477, 486-87 (1994). The Heck rule applies to prison disciplinary proceedings, so that a prisoner generally cannot complain that a civil rights violation resulted in discipline unless that disciplinary finding has already been lifted or subverted in another way. Edwards v. Balisok, 520 U.S. 641, 648 (1997).

Since Heck and Edwards, there have been a number of relevant developments. First, several courts have said that complaints about civil rights violations resulting in restrictions on a

2

prisoner's commissary or visitation privileges cannot be brought in a petition for a writ of habeas corpus. See, e.g., Homen v. Hasty, 229 F. Supp. 2d 290, 295 (S.D.N.Y. 2002). Those claims are "conditions of confinement" claims that must be raised in a conventional civil rights action. Additionally, the Second Circuit has held that if a prisoner challenges a disciplinary proceeding that resulted both in loss of good time credits and in punishment affecting his conditions of confinement (such as visitation or commissary restrictions), a court may address the conditions of confinement claims only if the prisoner unequivocally gives up his right to challenge the loss of good time credits forever. Peralta v. Vasquez, 467 F.3d 98, 100 (2d Cir. 2006). This is because if a prisoner were to prevail on his conditions of confinement claim and then file a habeas petition challenging the length of his confinement (such as by seeking restoration of good time credits), he could try to prevent the prison authorities from defending those sanctions by arguing that a court had already found that the underlying proceeding was unconstitutional. Id. at 105. And that would violate Preiser, Heck, and Edwards, because his claim directed to the duration of confinement would have been effectively decided in the prior civil rights action, rather than in a habeas petition. Id.

So, Mr. Garrett must decide whether he wishes to challenge (1) his loss of good time credits in a habeas petition or (2) his conditions of confinement in a Bivens action. He cannot do both simultaneously.

This decision will have other significant effects that Mr. Garrett must consider.  The Second Circuit has held that a court may not construe a <u>Bivens</u> action as a petition for a writ of habeas corpus unless the plaintiff gives his informed consent to the conversion of the action.  <u>See, e.g.</u>, <u>Simon v. United States</u>, 359 F.3d 139, 141-45 (2d Cir. 2004).  This is because there are restrictions on the number of habeas petitions a prisoner can bring challenging the same disciplinary proceeding or conviction; generally, the limit is one.  <u>See</u> 28 U.S.C. §§ 2244(a), 2255(h); <u>see also</u> Brian R. Means, <u>Federal Habeas Manual</u> § 11:21.  So, if Mr. Garrett chooses to proceed with this lawsuit as a habeas petition attacking his loss of good time credits, he is likely giving up the right to challenge the underlying disciplinary proceeding in the future on another ground.  There may also be other collateral effects.

Mr. Garrett should also understand that, if he chooses to pursue a <u>Bivens</u> action, his remedies may be limited.  Among the remedies Mr. Garrett seeks with regard to his visitation and commissary privileges is restoration of those privileges. (Complaint at 7).  This type of relief is called "equitable" relief, to distinguish it from "legal" relief, such as money damages.  The Second Circuit has held that only money damages are available in a <u>Bivens</u> action, <u>see</u> <u>Higazy v. Templeton</u>, 505 F.3d 161, 169 (2d Cir. 2007), although an equitable remedy might be available if the action were construed as one under the Administrative Procedures Act ("APA"), <u>see</u> <u>Polanco v. U.S. Drug</u>

4

Enforcement Administration, 158 F.3d 647, 650-52 (2d Cir. 1998) (court should have construed complaint seeking only injunctive relief as arising under APA, not as Bivens action); Berkun v. Terrell, No. 12 CV 706, 2012 WL 3233897, at *3 (E.D.N.Y. Aug. 6, 2012) (stating injunctive relief available under APA where inmate alleged warden of federal prison violated First Amendment by refusing to allow inmate to receive jigsaw puzzle in mail).

In addition, if Mr. Garrett chooses to challenge only the restrictions on his visitation and commissary privileges, there might be restrictions on the kind of money damages Mr. Garrett could be awarded. In his complaint, he alleges that he suffered only "mental and emotional pain." (Complaint at 4). The Prison Litigation Reform Act prohibits a prisoner's claim for compensatory damages for mental or emotional injury suffered while in custody unless the prisoner has made "a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). Second Circuit case law indicates that, in order to get compensatory damages for a constitutional violation in the absence of physical injury, Mr. Garrett would have to prove "actual" injury. Thompson v. Carter, 284 F.3d 411, 417 (2d Cir. 2002). That is, Mr. Garrett would have to show that the alleged constitutional violation caused some monetary or other non-emotional injury. See id. at 418-19 (allowing inmate to amend complaint to allege actual damages from alleged seizure of property without due process of law). A prisoner who does not allege physical injury may still recover nominal damages or punitive damages. Id. at 418. But nominal

5

damages are "mere token or 'trifling'" damages, <u>Cummings v. Connell</u>, 402 F.3d 936, 943 (9th Cir. 2005), and punitive damages are difficult to prove because they require a showing that officials acted with malicious intent, <u>Carey v. Piphus</u>, 435 U.S. 247, 256 n.11 (1978).

The defendants raise a minor procedural issue in connection with the choice Mr. Garrett must make. In a footnote, they state that if Mr. Garrett wants the action to proceed as a habeas petition, then he has not sued the correct person, because the proper respondent would be the warden of the facility at which he is currently held, rather than the warden of the facility at which the disciplinary proceeding occurred. (Defendants' Memorandum of Law in Support of Their Motion to Dismiss the Complaint at 8 n.4). That is not a significant issue, however, because if Mr. Garrett elects to convert his action into a habeas petition, the Court will merely substitute the proper respondent for the improper one. <u>See, e.g.</u>, <u>Page v. Walsh</u>, No. 10 Civ. 5264, 2011 WL 134975, at *1 n.1 (S.D.N.Y. Jan. 7, 2011).

So, as I see it, Mr. Garrett has two choices:

(1) He can challenge the loss of good time credit by converting this action into a habeas petition under 28 U.S.C. § 2241. Consequences: He will lose the right to challenge the restriction of his commissary and visitation privileges at this time; also, his ability to bring a later habeas proceeding in connection with the same disciplinary proceeding will be impeded.

-or-

(2) He can challenge the loss of visitation and commissary privileges. Consequences: He will lose the right to challenge the cancellation of his good time credits. Mr. Garrett should also understand that even if

he were successful in this claim, there might be constraints on the remedies available to him. I express no opinion on whether either of these challenges would be likely to succeed.

Mr. Garrett shall inform the Court within 30 days of the date of this order which option he chooses. It is not sufficient for him to say, as he does in his opposition to the defendants' motion to dismiss, that he will give up his right to challenge the loss of his good time credits as long as the Court does not dismiss his other claims. (Plaintiff's Reply to Defendants' Motion to Dismiss Complaint at 3). Any waiver of his rights must be unequivocal and unconditional. Once he has chosen, I will decide whether further briefing is needed.

SO ORDERED.

*James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       September 18, 2015

Copies mailed this date to:

Michael C. Garrett
#58716-053
MCC New York-Metropolitan Correctional Center
150 Park Row, 7 South
New York, NY 10007

Jacob Lillywhite, Esq.
Assistant U.S. Attorney
86 Chambers St., 3rd Floor
New York, NY 10007

7